OFFICE OF THE CLERK

**PATRICIA DODSZUWEIT**  UNITED STATES COURT OF APPEALS  TELEPHONE
**CLERK**  FOR THE THIRD CIRCUIT  215-597-2995
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: www.ca3.uscourts.gov



July 25, 2025

Maryann Butler
1823 State Street
Harrisburg, PA 17103

James McNally, Esq.
Cohen Seglias Pallas Greenhall & Furman
626 Washington Place
Suite 1902
Pittsburgh, PA 15219

RE: Maryann Butler v. New American Funding
Case Number: 25-2365
District Court Case Number: 1:25-cv-00690

To All Parties:

This will advise you that the above-captioned appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect. The Court also will consider possible summary action pursuant to Chapter 10.6 of the Internal Operation Procedures of the United States Court of Appeals for the Third Circuit. See Third Circuit Local Appellate Rule 27.4.

**Jurisdictional Defect**

It appears that this Court may lack appellate jurisdiction for the following reasons:

The order that you have appealed may not be reviewable at this time by a court of appeals. Only final orders of the district courts may be reviewed. 28 U.S.C. § 1291 (enclosed).

In addition, it appears that this Court may lack appellate jurisdiction because the order that you have appealed concerns motions that you filed as a non-party in the District Court. Generally, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." See United States v. Stoerr, 695 F.3d 271, 276 (3d Cir. 2012) (citation omitted). The primary exception to this rule permits a non-party to appeal when "(1) the nonparty has a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has

participated in the proceedings before the district court; and (3) the equities favor the appeal." See Northview Motors, Inc. v. Chrysler Motors Corp., 186 F.3d 346, 349 (3d Cir. 1999).

**Summary Action**

Chapter 10.6 provides that the Court sua sponte (by its own action) may take summary action on an appeal if it appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action. Specifically, the Court may affirm, reverse, vacate, modify, or remand the judgment or order appealed.

Issuance of the briefing schedule will be stayed pending action by the Court. All other filing requirements must be completed (e.g., payment of fees, entry of appearance, corporate disclosure statement, civil appeal information).

**Responses**

Jurisdictional defects cannot be remedied by the Court of Appeals. The parties may submit written argument regarding jurisdiction, or in support of or opposition to summary action. Any response must be received in the Clerk's Office within twenty-one (21) days from the date of this letter. Please submit to the Clerk an original copy of any response, and a certificate of service indicating that all parties have been served with a copy of the response. Upon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question and for possible summary action.

The parties will be advised of any order issued in this matter.

Very truly yours,

s/ Patricia S. Dodszuweit
Clerk

By:
Stephen, Administrative Assistant