

25-2365

July 24, 2025

Clerk's Office
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re: Butler & Davis v. New American Funding
    Case No. [currently unassigned ] – Emergency Judicial Notice and Declaration

Dear Clerk of Court:

Please find enclosed for filing a Judicial Notice and Declaration titled:
**"Judicial Notice and Emergency Declaration Regarding Insurance-Based Risk, Procedural Delay, and Third-Party Harm."**

This submission is filed on behalf of the Appellants, **Maryann Butler and Audury Petie Davis**, and includes:

- A verified Judicial Notice and Declaration,
- A full exhibit package labeled **Exhibits B, D, D2, E, F, F2, O**, and
- A **USB drive** containing audio evidence marked as Exhibit F2.

We respectfully request that this notice be entered into the record for immediate consideration, as it reflects ongoing irreparable third-party harm and evidentiary developments relevant to appellate review.

Thank you for your attention to this matter.

Respectfully,
/s/ Audury Petie Davis
Audury Petie Davis
Plaintiff-Appellant, Pro Se
[2041 Greenwood
Harrisburg Pa 17104]

Enclosures: Judicial Notice, Declaration, Exhibits, USB
CC: James McNally (via email only)

. IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

MARYANN BUTLER and AUDURY PETIE DAVIS,

   Plaintiffs-Appellants,

v.                     Appeal No. (To Be Assigned)



NEW AMERICAN FUNDING,

   Defendant-Appellee.

_____/

## DUAL JUDICIAL NOTICE AND VERIFIED DECLARATION OF THIRD-PARTY HARM, FINANCIAL OBSTRUCTION, AND MATERIAL EVIDENCE SUBMISSION (WITH USB AND EXHIBITS)

COME NOW Plaintiffs, Maryann Butler and Audury Petie Davis, appearing pro se, and jointly submit this Dual Judicial Notice and Verified Declaration in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit, in furtherance of emergency oversight and evidentiary review. This filing incorporates and references all prior entries and exhibits and supplements the record with Exhibit B, a comprehensive package of third-party threats, financing obstruction, and lender misconduct.

## I. THIRD-PARTY HARM AND FINANCING OBSTRUCTION

Plaintiffs respectfully notify both courts that they continue to suffer irreparable harm resulting from Defendant's misconduct and the failure of the district court to timely rule on emergency filings, including imminent third-party threats and multiple notices of harm. Specifically:

- Plaintiffs received multiple written threats from a contractor (American Remodeling Enterprises) demanding payment or threatening legal action unless Plaintiffs produce a loan denial letter from New American Funding.

- New American Funding never issued any formal denial nor adverse action letter, leaving Plaintiffs unable to comply with the contractor's demands.

- This obstructive conduct occurred after Plaintiffs submitted a valid refinance loan file and experienced multiple delays and misrepresentations by NAF staff (as documented in Exhibits O, F, and F2).

- Plaintiffs also attempted to seek alternative financing through Members 1st Credit Union but were denied due to improper FHA file transfers and lender interference.

- All attempts to resolve the matter with the contractor by providing litigation proof and correspondence were ignored resulting in continued legal threats.

## II. MATERIAL EVIDENCE SUBMISSION: USB + EXHIBITS

This notice includes a USB drive containing original audio and digital exhibits, along with six key written components consolidated into Exhibit B, submitted in chronological order:

**Exhibit B – Third-Party Threat and Financing Obstruction Package:**

1. Roofing Contract (signed January 28, 2025)

2. Members 1st Financing Denial Letter

3. Email Attempts to Cure (sent to American Remodeling)

4. First Threat Letter from American Remodeling

5. Formal Litigation Notice to American Remodeling (Yeager Letter)

6. Second Threat Letter from American Remodeling (dated July 22, 2025)

This package confirms that the third-party threat is not speculative and establishes a chain of obstruction, financial damage, and reputational harm tied directly to Defendant's conduct and failure to issue a denial.

## III. ONGOING LENDER MISCONDUCT AND INSURANCE EXPOSURE

This notice also preserves the full evidentiary chain of the lender's misconduct, including:

- Exhibit D: Bounce-back email during rate lock

- Exhibit D2: Bounce-back from preservation notice

- Exhibit E: False CFPB representation by Amy Dale

- Exhibit F: Voicemail screenshot from Sean Wainwright

- Exhibit F2: USB voicemail recording

- Exhibit O: Full loan file sent off-portal to Sean Wainwright

- Exhibit Y: Evidence of Amy Dale's strategic leave

- Supplemental Exhibit 4: Improper Pennsylvania registration

- Supplemental Exhibit 5: Enrico Arvielo not listed in NMLS

Taken together, these documents demonstrate uninsurable acts of willful misrepresentation, bad faith conduct, and third-party damage compounding Defendant's legal exposure and raising urgent ethical and judicial implications.

## IV. RESPECTFUL DECLARATION

I, Audury Petie Davis, under penalty of perjury, affirm the following:

- I have suffered real third-party threats, financial obstruction, and reputational harm, directly caused by New American Funding's actions and failures.

- The court record has been procedurally distorted through selective docket control and inaction.

- This declaration is submitted to compel lawful oversight, judicial attention, and fair adjudication or intervention before further harm accrues.

- This submission is made in good faith, with all exhibits and electronic records properly compiled and served.

## VERIFICATION

I, Audury Petie Davis, hereby verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on: July 24, 2025

Signed: Audury Petie Davis

Co-Plaintiff: Maryann Butler (by representation)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Judicial Notice and all associated exhibits (including USB and Exhibit B packet) were served via email and/or physical mail on:

James McNally

Cohen Seglias Pallas Greenhall & Furman PC

Jmcnally@cohenseglias.com

Served via email only

Copies were also submitted by hand/mail to:

U.S. District Court for the Middle District of Pennsylvania

1501 N 6th Street

Harrisburg, PA 17101

U.S. Court of Appeals for the Third Circuit

21400 U.S. Courthouse

601 Market Street

Philadelphia, PA 19106

- Exhibit D2: Bounce-back from preservation notice

- Exhibit E: False CFPB representation by Amy Dale

- Exhibit F: Voicemail screenshot from Sean Wainwright

- Exhibit F2: USB voicemail recording

- Exhibit O: Full loan file sent off-portal to Sean Wainwright

- Exhibit Y: Evidence of Amy Dale's strategic leave

- Supplemental Exhibit 4: Improper Pennsylvania registration

- Supplemental Exhibit 5: Enrico Arvielo not listed in NMLS

Taken together, these documents demonstrate uninsurable acts of willful misrepresentation, bad faith conduct, and third-party damage compounding Defendant's legal exposure and raising urgent ethical and judicial implications.

## IV. RESPECTFUL DECLARATION

I, Audury Petie Davis, under penalty of perjury, affirm the following:

- I have suffered real third-party threats, financial obstruction, and reputational harm, directly caused by New American Funding's actions and failures.

- The court record has been procedurally distorted through selective docket control and inaction.

- This declaration is submitted to compel lawful oversight, judicial attention, and fair adjudication or intervention before further harm accrues.

- This submission is made in good faith, with all exhibits and electronic records properly compiled and served.

## VERIFICATION

I, Audury Petie Davis, hereby verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on: July 24, 2025

Signed: Audury Petie Davis

Co-Plaintiff: Maryann Butler (by representation)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Judicial Notice and all associated exhibits (including USB and Exhibit B packet) were served via email and/or physical mail on:

James McNally

Cohen Seglias Pallas Greenhall & Furman PC

Jmcnally@cohenseglias.com

Served via email only

Copies were also submitted by hand/mail to:

U.S. District Court for the Middle District of Pennsylvania

1501 N 6th Street

Harrisburg, PA 17101

U.S. Court of Appeals for the Third Circuit

21400 U.S. Courthouse

601 Market Street

Philadelphia, PA 19106

## EXHIBIT INDEX — DUAL JUDICIAL NOTICE & DECLARATION

**Exhibit A** – Declaration in Support of Dual Judicial Notice

→ Personal declaration by Petie Davis referencing judicial manipulation, third-party harm, lack of insurance, and active appellate escalation. Includes signature and verification.

**Exhibit B** – Third-Party Threat and Financing Obstruction Package (Chronological)

→ A six-part evidentiary set demonstrating irreparable third-party harm caused by NAF's inaction, including:

1. Roofing Contract (Jan. 28, 2025)

2. Members 1st Financing Denial

3. Email Attempts to Cure

4. First Imminent Threat Letter (American Remodeling)

5. Formal Notice to American Remodeling (Yeager Letter)

6. Second Imminent Threat Letter (July 22, 2025)

**Exhibit D** – Bounce-back Email During Rate Lock

→ Shows failed email delivery to Sean Wainwright at key time during the refinance process.

**Exhibit D2** – Bounce-back Email from Legal Preservation Notice

→ Email sent in good faith by Petie Davis, returned undelivered—evidence of obstruction.

**Exhibit E** – False CFPB Response from Amy Dale

→ Proves Amy Dale misled federal regulators about Petie Davis's role and the loan file's status.

**Exhibit F** – Screenshot of Voicemail Left by Sean Wainwright

→ Message confirming receipt of the refinance package and further off-portal conduct.

**Exhibit F2** – USB Recording of Voicemail (Physical Media)

→ Audio evidence of Wainwright's voicemail; submitted on physical USB to both courts.

**Exhibit O** – Full Loan File Sent Off-Portal to Sean Wainwright

→ Critical documentary evidence showing full refinance materials sent directly to Wainwright's personal email, bypassing official channels.

## Exhibit B.1 – Roofing Contract

Executed on January 28, 2025 — the same date Plaintiffs signed the loan documents with New American Funding. This contract initiated the financial dependency on the expected cash-out refinance.

This document is submitted as part of Exhibit B to the Dual Judicial Notice and Declaration filed on July 24, 2025, in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

**SUPPLEMENTAL EXHIBIT A**
**Roofing Contract and Certified Demand Letter from American Remodeling**

This exhibit includes:

1. The roofing and window contract signed by Plaintiff and American Remodeling on January 28, 2025. The contract explicitly states that performance was contingent upon successful financing.
2. The certified demand letter issued by American Remodeling after New American Funding failed to complete the refinance. The contractor is now threatening legal action against Plaintiff Maryann Butler for payment.

This documentation establishes a direct link between the Defendant's refinance failure and imminent third-party legal harm to Plaintiff. The contract and follow-up demand letter together confirm that Plaintiff acted in good faith and is now being financially threatened for circumstances created entirely by Defendant's conduct.

Submitted in support of:
Emergency Judicial Notice of Imminent Third-Party Harm and Request for Immediate Response Order





**AMERICAN REMODELING ENTERPRISES, INC.**
57 St. James Street
Schuylkill Haven, PA 17972
Phone: 888-739-7339 • Fax: 570-739-1984
PA HIC #004002 • NJ HIC #13VH05613200

108303

# PENNSYLVANIA'S CONSUMER PROTECTION ACT
## HOME IMPROVEMENT CONTRACT

**PARAGRAPH 1 – OWNER:**

Name(s): _Maryann Butler, Pete Davis_

Address: _1823 State St Harrisburg PA 17103_

Telephone Number: _717 434-8220_    E-Mail _mrmallah87@icloud.com_

**PARAGRAPH 2 – WORK:**

Contractor agrees to provide all labor and materials to complete the Work described in the attached Scope of Work for the purpose of _2 Capasive Windows, 10 Sq Rubber 4 Sq Entinity Atlantic Blue_

**PARAGRAPH 3 – START AND COMPLETE DATES:**

Subject to the provisions of this agreement, the anticipated start date for the Work is _4-28-25_ , and the anticipated completion date is _4-29-25_ .

**PARAGRAPH 4 – PRICE AND DEPOSIT/ADVANCE:**

Owner agrees to pay a total Price of $ _39,120._ for the Work. At the signing of this agreement, Owner will pay a down payment representing the Deposit and an Advance for the Purchase of Special Order Materials, according to the attached Payment Schedule.

**PARAGRAPH 5 – ATTACHMENTS:**

_X_ Scope of Work, Materials and Specifications

_X_ Payment Schedule

_X_ Owner's Right to Cancel/Notice of Cancellation

_N/A_ List of Subcontractors

_N/A_ Arbitration Process

_N/A_ Emergency Work Authorization

_N/A_ Change Order

Other – _____

**BY SIGNING BELOW, OWNER ACKNOWLEDGES THAT** (1) OWNER HAS READ AND UNDERSTANDS ALL OF THE PROVISIONS OF THIS CONTRACT, INCLUDING THE PROVISIONS ON THE REVERSE OF THIS PAGE AND THE ATTACHMENTS TO THIS CONTRACT, (2) OWNER UNDERSTANDS THAT ONCE SIGNED THIS AGREEMENT **IS A BINDING CONTRACT,** (3) OWNER HAS BEEN ADVISED TO CONSULT AN ATTORNEY BEFORE SIGNING IF LEGAL ADVICE IS DESIRED, AND (4) OWNER ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT AND ALL ATTACHMENTS TO THIS CONTRACT, INCLUDING TWO COPIES OF THE OWNER'S RIGHT TO CANCEL NOTICE. (EACH ATTACHMENT TO BE INCLUDED MUST BE CHECKED OFF)

**You, the Owner,** may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See attached notice of cancellation form for an explanation of this right.

**Owners Certification regarding EPA's Renovation, Repair and Painting Rule:**

___ I/We certify that my/our home was built AFTER January, 1978

_X_ My/Our house was built BEFORE January 1, 1978. I/We have received a copy of the lead hazard information pamphlet informing me/us of the potential risk of the lead hazard exposure from renovation activity to be performed in my dwelling unit. I/We received this pamphlet before the work began.

**ACCEPTANCE BY OWNER:**

_Maryann Butler_
Owner Signature                  Date

_Ann Pete D___                  _1/27/2025_
Owner Signature                  Date

**ACCEPTANCE BY CONTRACTOR:**

_Mike_
Contractor Signature              Date

_____
Contractor Signature              Date

Copyright – HICPA Compliance, LLC – 2009 – All Rights Reserved

## ATTACHMENT — OWNER'S RIGHT TO CANCEL/NOTICE OF CANCELLATION
### THREE BUSINESS DAY RIGHT OF RECISSION NOTICE

Date of transaction: _1/20/25_

You may cancel this transaction, without any penalty or obligation, within three business days from the above date.

If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within ten business days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within twenty days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram to American Remodeling Enterprises, Inc. (Contractor), at 57 St. James Street, Schuylkill Haven, PA 17972 (Contractor's place of business) not later than midnight of ____1/31/25____ (date).

I hereby cancel this transaction.

_____        _____
Date                                    Owner's signature

                                        _____
                                        Owner's signature


Date of transaction: _____

You may cancel this transaction, without any penalty or obligation, within three business days from the above date.

If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within ten business days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within twenty days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram to American Remodeling Enterprises, Inc. (Contractor), at 57 St. James Street, Schuylkill Haven, PA 17972 (Contractor's place of business) not later than midnight of ____1/31/25____ (date).

I hereby cancel this transaction.

_____        _____
Date                                    Owner's signature

                                        _____
                                        Owner's signature

Copyright – HICPA Compliance, LLC – 2009 – All Rights Reserved

Contractor Initials: _ms_                    Home Owners Initials: _MB_

# ADDITIONAL PROVISIONS

**Dates:**
The anticipated start and complete dates may be subject to delays for a variety of reasons not originally anticipated, including, but not limited to, changes made to the Scope of Work, Materials or Specifications, delays in the receipt of materials required for the Work, adverse weather conditions or other acts of God, unavailability of materials, labor or equipment, delays resulting from Owner's acts or failure to act, the discovery of concealed conditions or hazardous materials or other reasons beyond Contractor's reasonable control.

**Special Order Materials:**
Materials specially ordered for the Work cannot be returned by Contractor after they have been ordered. Owner is responsible for the cost of these items even in the event that they are not used for any reason. Contractor will not order these items until Owner's Right to Cancel has elapsed. Owner shall pay to Contractor, in addition to the Deposit, an Advance for such items at the signing of the contract. Owner shall pay to Contractor the cost for such items within two (2) business days of Contractor's invoice for such items indicating that any such items have been ordered.

**Change Orders:**
A written Change Order, signed and dated by Owner and Contractor, is required for any agreed upon change to the Scope of Work, Materials and Specifications, Price and/or Start and Complete Date.

**Payment Schedule:**
Payments due from Owner to Contractor must be made within _____ business days of Contractor's invoice. Past due payments are subject to a 1-1/2% per month (18% annual) finance charge. Contractor is excused from continuing its work in the event of any failure by Owner to make full and timely payment of any payment due.

**Subcontractors:**
Contractor may use subcontractors in addition to or in substitution for those initially identified by Contractor. Under no circumstances shall Owner contract for any work with any subcontractor. No subcontractor may agree to any change in the Work on behalf of Contractor.

**Liability Insurance:**
The law requires that Contractor maintain certain minimum insurance coverage for personal injury liability and property damage liability. Contractor presently maintains insurance coverage in the amount of: $ _____ for personal injury liability and $ _____ for property damage liability. In the event that Contractor reduces such coverage prior to completion of the Work, Contractor shall give Owner notice thereof within ten (10) days following such change.

**Entire Agreement:**
This two sided document and the indicated attachments contain the whole agreement between Owner and Contractor. There are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever between the parties. This contract shall not be altered, amended, changed or modified except in writing executed by the parties. (PA#004002)

**Governing Law:**
This contract is governed by the internal laws of the Commonwealth of Pennsylvania.

**Permits:**
Contractor is responsible for obtaining all permits (including building, electrical, mechanical and/or plumbing, but specifically excluding any zoning or similar land use permit) required for the completion of the Work. The cost of such permits is included as part of the Price.

**Cancellation:**
After Owner's Right to Cancel has elapsed, Owner shall be permitted to cancel the Work only upon written consent of Contractor. If such consent is granted, Owner agrees to pay Contractor all costs incurred by Contractor for labor and materials to date for the Work in addition to the profit Contractor would have earned upon completion of the Work, and the parties agree that Contractor's lost profit shall be 20% of the total Price.

**Utilities:**
Owner shall provide, at Owner's sole cost and expense, all utilities required for the completion of the Work.

**Release:**
Owner grants Contractor permission to take photographs of the Work before, as and after it is completed and to use such photographs, Owner's name and address for publicity purposes.

**Limited Warranty:**
All labor and materials furnished by Contractor shall be in accordance with the Scope of Work, Materials and Specifications. All labor provided by Contractor shall be performed and provided in a good and workmanlike manner. All materials, appliances and mechanical equipment are provided solely subject to the manufacturer's warranties which shall be provided and assigns to Owner upon payment in full of the Price.

For a period of _____ following completion of the Work, Contractor shall, at Contractor's option, repair, replace or reinstall any defects in workmanship provided that written notice of any such defect has been provided by Owner to Contractor prior to such date. EXCEPT AS PROVIDED HEREIN, CONTRACTOR MAKES NO OTHER PROMISES, REPRESENTATIONS OR WARRANTIES OF ANY KIND OR NATURE, EXPRESS OR IMPLIED, INCLUDING THOSE OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, HABITABILITY, WORKMANLIKE CONSTRUCTION, DESIGN, CONDITION, QUALITY OR OTHERWISE, AND CONTRACTOR HEREBY DISCLAIMS ANY SUCH REPRESENTATIONS OR WARRANTIES. OWNER ACKNOWLEDGES THAT CONTRACTOR'S WARRANTY OBLIGATIONS ARE HEREBY LIMITED.

**Changes in Material Costs:**
The Price of the Work is based on current prices for materials and delivery charges. If there is an increase in delivered costs for material purchased after the date of the contract, such additional cost shall be added to the Price and Owner shall pay the increase in such cost to Contractor. In the event of any such cost increase, Contractor shall provide Owner with written notice of the increased cost, the specific materials involved and the nature of the increased cost. Owner and Contractor shall execute a Change Order memorializing the increase in the Price.

**Substitution of Materials:**
Except for Special Order Materials (which may only be changed by a Change Order signed by Owner and Contractor), Contractor shall be permitted to substitute materials, at Contractor's sole discretion, which in Contractor's opinion are of like kind and quality for those otherwise set forth in the Scope of Work, Materials and Specifications.

**Jurisdiction / Venue / Applicable Law:**
This Contract shall be governed by the laws of the Commonwealth of Pennsylvania without regard to any conflicts of law provisions. Exclusive original jurisdiction for the resolution of all disputes related to this Contract shall rest with the Court of Common Pleas of Pennsylvania. Exclusive venue for the initial filing of any action shall be in the Schuylkill County Court of Common Pleas, or otherwise, to the United States District Court for the Middle District of the Commonwealth of Pennsylvania. Furthermore, if this Contract is for work being performed outside of the Commonwealth of Pennsylvania, the parties agree that the provisions of 73 Pa. C.S.A. §517.1, et seq. (the "PA Home Improvement Consumer Protection Act") shall not apply.

Bureau of Consumer Protection of the Office of the Pennsylvania Attorney General: 1-800-441-2555

Copyright – HICPA Compliance, LLC — 2009 — All Rights Reserved

Contractor Initials: _MS_

Home Owners Initials: _MB_ / _AJ_

| Included | Not Included | |
|---|---|---|
| [X] | [ ] | Place dumpster on job site where applicable. |
| [X] | [ ] | Tear off all exising roofing.  Type: _rubber/shingle_ |
| [X] | [ ] | Replace rotten sheeting where applicable up to 300 square feet, excluding rafters. |
| [X] | [ ] | Check roof area for protruding nails and remove any that are found. |
| [X] | [ ] | Re-nail loose sheeting. |
| [X] | [ ] | Remove and replace flashing and vent pipe boots. |
| [X] | [ ] | Remove and replace with oversized drip-edge.  Color: _white_ |
| [X] | [ ] | Install premium ice and water shield above gutters and in all valleys. |
| [X] | [ ] | Install Sol R Skin underlayment |
| [ ] | [X] | Install PermaShield underlayment |
| [X] | [ ] | Install new Enfinity shingles.  Style: _Enfinity_  Color: _Atlantic Blue_ |
| [X] | [ ] | Install premium ridge vent. |
| [X] | [ ] | Install premium hip & ridge shingles. |
| [X] | [ ] | Clean up and remove all job-related debris. |
| [X] | [ ] | Each job is over-shipped to avoid delays. Remove excess materials and re-stock. |
| [X] | [ ] | Issue transferrable labor and material warranty.  [X] Lifetime  [ ] 30 yr. |
| [ ] | [X] | Remove and install new gutters. Color: _____  Feet: _____ |
| [ ] | [X] | Remove and install new down spout. Color: _____  Feet: _____ |

Best time to call: _Any_                Best # to call: _717-424-8720_

Notes: _10 SQ Rubber 4SQ Atlantic blue_

_contingent vpon - there financining - should in 30-60 days_

Work not being done: _____

_____

Contractor initials: _MS_                Home Owner initials: _AD /MB_

## ATTACHMENT – SCOPE OF WORK, MATERIALS AND SPECIFICATIONS

__X__    **OPTION A: (a check mark indicates that this option is selected)**
The plans, drawings, specifications of labor and materials, allowances and special order are set forth in detail in the attached document, sometimes identified as the estimate, proposal, quote, or similar name. The specifics of the attached page(s) are incorporated herein by reference.

_____    **OPTION B: (a check mark indicates that this option is selected)**

1. **PLANS AND DRAWINGS:**
   Dated: _____; Consisting of _____ sheets; Prepared by _____

2. **SPECIFICATIONS – LABOR AND MATERIALS:**
   Dated: _____; Consisting of _____ sheets; Prepared by _____

3. **ALLOWANCES:**
   The price of allowance items is an estimate made prior to selection by Owner. If the actual cost, following selection by Owner, is greater of less than the allowance price, the Price shall be adjusted for the difference by a Change Order executed by Owner and Contractor. Owner's selection of allowance items shall be submitted in writing by Owner to Contractor. If Owner's election of any allowance item delays the Work, the date to complete the Work shall be extended accordingly.

   Allowance Item:

   Allowance Price:

   _____    $ _____

   _____    $ _____

   *SEE REVERSE SIDE FOR ADDITIONAL ALLOWANCE ITEMS*

4. **PURCHASE OF SPECIAL ORDER MATERIALS:**
   The Special Order Materials for the Work and the cost thereof are as follows:

   _____    $ _____

   _____    $ _____

   *SEE REVERSE SIDE FOR ADDITIONAL ALLOWANCE ITEMS*

## ATTACHMENT – PAYMENT SCHEDULE

At the signing of this agreement, Owner will pay to Contractor a down payment in the amount of $ _____, representing (1) a Deposit of $ _____ and (2) an Advance in the amount of $ __N/A__ for the purchase of Special Order Materials. All Special Order Materials shall be paid for, in full, when ordered.

The balance of the Price shall be paid as follows:
_____ **OPTION A: (a check mark indicates that this option is selected)** On completion of the Work.
_____ **OPTION B: (a check mark indicates that this option is selected)** Progress payments are due when each phase of the Work is completed:

1. Amount due when Phase 1 is completed: $_____ 11,736 Mail in by 4/1/25
   Phase 1 is completed when: _____

2. Amount due when Phase 2 is completed: $_____
   Phase 2 is completed when: _____

3. Amount due when Phase 3 is completed: $_____
   Phase 3 is completed when: _____

4. Amount due when Phase 4 is completed: $_____
   Phase 4 is completed when: _____

5. Amount due when Phase 5 is completed: $ 39,120.— 11,736.°° Mail in 4-28-25
   Phase 5 is completed when: _____

Copyright – HICPA Compliance, LLC – 2009 – All Rights Reserved

Contractor Initials: __ms__

Home Owners Initials: __MB__/__A.D__

## Anticipated Start Dates

Start date on contract is not exact start date. The actual start date may change due to many factors including but not limited to weather, material delays, labor delays, etc. **DO NOT TAKE OFF WORK ON THE DAYS STATED ON CONTRACT AS THEY ARE ANTICIPATED AT THE TIME OF SIGNING THE CONTRACT;** you will receive an exact start date from the office at a later time. Again, **DO NOT TAKE OFF WORK ON THE DAYS STATED ON THE CONTRACT AS THEY ARE ANTICIPATED AT THE TIME OF SIGNING THE CONTRACT.**

4-28-25

HOMEOWNER:_____ DATE:_____

HOMEOWNER:_____ DATE:_____

COMPANY REP.: _M. Slffyh_ DATE: 1-28-25





**Exhibit B.2 – Members 1st Financing Denial Letter**

Formal notification of rejection from Members 1st Federal Credit Union regarding third-party financing options following Defendant's failure to close the refinance.

This document is submitted as part of Exhibit B to the Dual Judicial Notice and Declaration filed on July 24, 2025, in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

From: **Gore, Tonnie** GoreT@members1st.org
Subject: **RE: [External]Re: Urgent: FHA Case Transfer & Next Steps for Refinance**
Date: Mar 19, 2025 at 8:02:42 AM
To: mfmallah87@icloud.com

Would you be available for a phone call this afternoon?

 

**Tonnie D. Gore**
Outside Sales Mortgage Originator
at Members 1st FCU

Phone: (800) 237-7288
Email: GoreT@members1st.org

5000 Marketplace Way
Enola, PA 17025-2431

www.members1st.org

   

**From:** mfmallah87@icloud.com <mfmallah87@icloud.com>
**Sent:** Tuesday, March 18, 2025 1:38 PM
**To:** Gore, Tonnie <GoreT@members1st.org>
**Subject:** [External]Re: Urgent: FHA Case Transfer & Next Steps for Refinance

You don't often get email from mfmallah87@icloud.com. Learn why this is important

External Message: Please note that this email originated from outside of Members 1st. Be mindful of any links or attachments in this message and use the Report Message button in Outlook if you have any doubts or concerns.

Dear Mr. Gore,

I want to express my sincere appreciation for your time and transparency as I navigate this FHA Cash-Out Refinance situation. Given that my rate lock with New American Funding (NAF) expires tomorrow (March 20, 2025), I am

working urgently to ensure a smooth transition.

I have made multiple formal requests for my FHA Case Number Transfer as required by HUD Mortgagee Letter 2009-40, yet NAF has failed to comply. Their continued delays have hindered my ability to move forward, and I am seeking to rectify this situation with the right lending partner.

To assist in this process and minimize any potential delays, I am providing the following key documents:

• FHA Case Transfer Request Email (Proof of my request to NAF)

• Appraisal Report (Confirms my home value for the refinance)

• Rate Lock Confirmation (Shows my loan lock status and urgency)

• Loan Estimate (LE) (Outlines original loan terms and estimated closing costs)

If there is any additional information or documentation you need, please let me know. I greatly appreciate your professionalism, and I value working with a company that upholds strong ethical and moral responsibilities. Given the urgency of this matter, I want to be as transparent as possible in sharing what I've been dealing with.

I genuinely need your help, and I trust that you will guide me in the best direction. Please feel free to reach out at your earliest convenience.

Best regards,

[Audury Petie Davis]

On the behalf of Maryann Butler

[mfmallah87@icloud.com]

On Mar 18, 2025, at 10:56 AM, mfmallah87@icloud.com wrote:

Dear Mr. Gore,

Thank you again for taking the time to review my mother's refinancing options. I truly appreciate your transparency and responsiveness throughout this process. Given my situation with New American Funding (NAF) and the urgency of my rate lock expiring on March 20, 2025, I wanted to follow up and confirm what steps we can take on your end.

Current Situation:

• FHA Case Number: 446-6285091

• Loan Number (NAF): 1001748263

• Appraised Value: $177,000 (Appraisal completed February 18, 2025)

• Rate Lock: 7.25% (Expires in 48 hours)

• I have formally requested the FHA Case Transfer Code from NAF, but they have not yet released it.

• If they continue delaying, I will be escalating to CFPB & HUD immediately.

Questions for Moving Forward:

1. Can Members 1st FCU begin pre-approval or underwriting without the FHA Case Transfer Code?

2. What documents do you need from me or my mother to proceed quickly?

3. Would she need to apply online, or can I handle the initial steps on her behalf before she finalizes?

4. If NAF continues to stall, do you have an alternative path to move forward?

I sincerely appreciate your time and guidance on this. Please let me know the best way to move forward and what you need from us.

Best regards,

Audury "Petie" Davis (On behalf of Maryann Butler)

 717-288-9726

✉ mfmallah87@icloud.com

On Mar 17, 2025, at 4:01 PM, Gore, Tonnie <GoreT@members1st.org> wrote:

Hey Petie

We can definitely offer solutions. Let's set up a call.

<Image.png>  <Image.png>
**Tonnie D. Gore**
Outside Sales Mortgage Originator
at Members 1st FCU

Phone: (800) 237-7288
Email: GoreT@members1st.org

5000 Marketplace Way
Enola, PA 17025-2431

www.members1st.org

<Image.png> <Image.png> <Image.png> <Image.png>

---

**From:** Petie Davis <mfmallah87@icloud.com>
**Sent:** Friday, March 14, 2025 3:54:38 PM
**To:** Gore, Tonnie <GoreT@members1st.org>
**Subject:** [External]Mortgage Loan Inquiry – Maryann Butler

You don't often get email from mfmallah87@icloud.com. Learn why this is important

External Message: Please note that this email originated from outside of Members 1st. Be mindful of any links or attachments in this message and use the Report Message button in Outlook if you have any doubts or concerns.

Dear Mr. Gore,

I hope this email finds you well. I am reaching out on behalf of my mother, Maryann Butler, a longstanding and responsible member of Members 1st Credit Union. She is exploring options for refinancing or alternative loan solutions to consolidate debt and position herself for financial stability.

Her financial background:

• Never defaulted on her mortgage or auto loan.

• Significant home equity in her primary residence.

• Currently carrying a high DTI due to credit card obligations but seeking consolidation to alleviate financial strain.

• Consistent employment and income flow with regular deposits into her Members 1st account.

She is particularly interested in loan options that prioritize loan-to-value (LTV) and equity over strict DTI and credit score considerations. Specifically, she is looking for:

• Portfolio loans or internal programs for high-DTI borrowers with strong equity.

- Home equity loan or refinancing options that allow for debt consolidation.

- Cash reserves flexibility to ensure loan security and responsible repayment.

Banking Relationship with Members 1st:

- Active checking and savings accounts.

- Regular direct deposits and responsible financial history.

- Member Account Ending in: 848 (provided for verification if necessary).

I understand that you are unable to discuss any specifics regarding my mother's account or financial situation with me due to privacy regulations. However, I would greatly appreciate it if you could confirm via email whether Members 1st can potentially offer a solution that aligns with her needs so that we can proceed accordingly.

Once we receive confirmation that there may be a viable option, we will schedule a call where she can verify her identity, discuss details directly, and provide any required documentation.

Given that Truist currently holds the mortgage, and Members 1st is a credit union known for working with members on flexible lending solutions, we are hopeful that there is a path forward for her. As mentioned, she has never defaulted on any mortgage or auto loan and is eager to get into a better financial position.

Please let us know the next steps and any documentation required.

Best regards,

Audury "Petie" Davis

(On behalf of Maryann Butler)

Phone: 717-288-9726

Email: mfmallah87@icloud.com

Case 1:25-cv-00680-PJC   Document 26-1   Filed 07/07/25   Page 29 of 22

**From:** Gore, Tonnie GoreT@members1st.org
**Subject:** Members 1st Mortgage update
**Date:** Apr 8, 2025 at 1:48:24 PM
**To:** Petie Davis mfmallah87@icloud.com, Petie Davis
mfmallah87@icloud.com

## Good Afternoon Maryann and Petie

**Due to the overall credit scores we are unable to offer a cash out refinance at this time. I would suggest working with Tenfold 717) 397-5182 to learn more about ways to improve credit. We partner with tenfold with helping borrowers prepare for home ownership and they offer various services to help with credit repair. Below are the credit scores pulled from the three major bureaus. You can get a free copy of your credit report using the information provided below.**

## Exhibit B.3 – Email Attempts to Cure

Plaintiff's documented efforts to inform American Remodeling of the ongoing federal litigation and secure alternative accommodations to prevent escalation.

This document is submitted as part of Exhibit B to the Dual Judicial Notice and Declaration filed on July 24, 2025, in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

From: **Finance Dept** finance@americanremodeling.net
Subject: **Re: 1823 State Street**
Date: **Apr 2, 2025 at 1:17:43 PM**
To: **mfmallah87@icloud.com**

Thank you for the email. I will be sending over a change order shortly (coming from Robert Yeager, info@americanremodeling.net) to push out that deposit date out 60 days. Please let me know if you have any further issues and require that to be updated. Thanks!

On Wed, Apr 2, 2025 at 8:43 AM <mfmallah87@icloud.com> wrote:
Hey Jamie, I just wanted to give you a quick update. I know you've been waiting on the deposit, and I truly appreciate your patience. The delay is coming from some serious issues with my lender—New American Funding—and it's gotten to the point where I had to file formal complaints with **HUD and the CFPB**.

I'm attaching official documentation from HUD showing that this issue is now under investigation, just to be transparent and let you know I'm not making excuses or wasting your time.

If it's possible, I'd really appreciate if you could give me a little more time—about **60 days**—to get this resolved and back on track. I'm still fully committed to the project and definitely want to move forward with you once this is cleared.

Thanks again for understanding, Jamie. I'll keep you posted every step of the way.

**Exhibit B.4 – First Imminent Threat Letter from American Remodeling**

Initial legal threat dated prior to July 2025, demanding payment or legal action despite Plaintiff's federal litigation status.

This document is submitted as part of Exhibit B to the Dual Judicial Notice and Declaration filed on July 24, 2025, in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Marjann Butler & Pete Davis
1823 State St.
Harrisburg, Pa. 17103

9590 9402 9451 5069 7292 76

2. Article Number (Transfer from service label)

9589 0710 5270 0124 1717 75

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



**57 St James Street, Schuylkill Haven, PA 17972    570-739-1980**

**PA 004002                    PA 008737**

**Maryann Butler & Pete Davis**

**1823 State Street**

**Harrisburg, Pa. 17103**

**57 St. James Street**

**Schuylkill Haven, Pa. 17972**

**To: Maryann Butler & Pete Davis:**                    **6/27//25**

**You signed your contract on 1/28/25. Under the terms of the contract, you have 3 business days to cancel. We will allow you to cancel, but you will be subject to the costs incurred to this point plus 20% for lost profit. As a gesture of good faith, we will only charge you costs incurred to this point plus 5% for lost profit. Costs to this point are $4,662.00 and the 5% lost profit would be $1,956.00 bringing your total to cancel to $6,618.00. If you wish to cancel, please send a check for $6,618.00 or we can install your job. You have 10 days from receiving this letter to respond or we will take legal action.**

**Thank you,**

**Kristie Ellis**

**Installation Scheduling Manager**

## Exhibit B.5 – Formal Notice to American Remodeling (Yeager Letter)

Official notification informing American Remodeling of Plaintiffs' pending federal litigation and inability to produce loan denial documentation due to NAF's non-response.

This document is submitted as part of Exhibit B to the Dual Judicial Notice and Declaration filed on July 24, 2025, in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

From: mfmallah87@icloud.com
Subject: 1823 State Street
Date: Jul 7, 2025 at 12:32:28 PM
To: info@americanremodeling.net

Petie Davis

2041 Greenwood Street

Harrisburg PA 17104

Phone: 717 424 8220

Email: mfmallah87@icloud.com


Date: July 7 2025


To:

Robert Yeager

American Remodeling Enterprises Inc

57 St James Street

Schuylkill Haven PA 17972

Phone: 888 739 7339

Fax: 570 739 1984


RE: Formal Notice – Active FHA Litigation and Contractual Contingency
Disclosure


Dear Mr. Yeager,


I am writing to formally place your company on notice that I am currently the
named party in active federal litigation before the United States District Court for
the Middle District of Pennsylvania Case No 1:25 cv 690 PJC involving New
American Funding Broker Solutions Inc. This lawsuit directly concerns a failed
FHA refinance tied to the contract you issued to me dated April 28 2025 and

listing rubber roofing and window work at 2041 Greenwood Street Harrisburg PA.

Your contract was entirely contingent upon the successful disbursement of refinance funds which were never released due to misconduct now under judicial review. Any attempt to enforce collect or litigate this agreement knowing that the financing was disrupted by the opposing party in my federal lawsuit is now part of the official court record.

As of July 7 2025 I have filed a document titled:

Emergency Judicial Notice of Imminent Third Party Harm and Request for Immediate Response Order

Document No 36 Filed 07 07 25

That Notice includes your contract and threat of enforcement as Exhibit A under penalty of perjury. You have now made yourself part of an active federal record and any future action taken by your company will be treated as conscious interference with judicial proceedings.

I respectfully welcome any legal threats or filings from your side as they will be incorporated into the existing federal docket and evaluated for sanctions retaliation and financial harm. Any future communication should be done in writing and I reserve all rights to seek court protections as this matter unfolds.

Sincerely,

Petie Davis

Authorized Representative for Maryann Butler

Federal Case No 1:25 cv 690 PJC

pdf **FILE_9740.pdf**
3.3 MB

Sent from my iPhone

**Exhibit B.6 – Second Imminent Threat Letter from American Remodeling**

Dated July 22, 2025 — a follow-up demand reiterating intent to sue, demonstrating *escalating third-party harm and NAF's failure to provide critical documentation.*

This document is submitted as part of Exhibit B to the Dual Judicial Notice and Declaration filed on July 24, 2025, in both the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

Case: 25-2365    Document: 6    Page: 40    Date Filed: 07/29/2025



American
Remodeling
ENTERPRISES
57 St James Street
Schuylkill Haven, PA 17972



**CERTIFIED MAIL®**    *Retail*

9589 0710 5270 3197 0608 61    RDC 99



17103

U.S. POSTAGE PAID
FCM LETTER
SCHUYLKILL HAVEN
PA 17972
JUL 18, 2025
**$10.48**
R2304E104948-01

Maryann Buttler + Pete Davis
1823 State Street
Harrisburg, Pa. 17103

17103-155223



57 St James Street, Schuylkill Haven, PA 17972    570-739-1980

PA 004002                          PA 008737

**Maryann Butler & Pete Davis**

**1823 State Street**                          **57 St James Street**

**Harrisburg, Pa. 17103**                     **Schuylkill Haven, Pa. 17972**

**To; Maryann Butler & Pete Davis:**

        **I am writing to you in reqards to that you signed your contract on 1/28/25 and werew to have a down payment of $11,736.00 due by 4/1/25 which was not received. The contract states that it is contingent on a loan that you were to aquire for this job. You have already received the cancelations fees letter, this letter is to state that if you have been denied for the loan then we will need a copy of the denial letter and once we receive that we will cancel the job completely with no cancelation fees.**

                                   **Respectfully,**

                **Kristie Ellis/Installation Scheduling Manager**

# EXHIBIT D

Bounce-Back Email During Rate Lock Period

Dated: March 19, 2025

**Submitted by:**

Audury Petie Davis, Plaintiff

**Following Context:**

This email was sent during the critical loan rate lock period and bounced back undelivered. It directly supports Plaintiffs' position that New American Funding failed to maintain communication with the borrower during the refinance process. The document rebuts the Defendant's claim that communications were lost or scattered across multiple emails. It is also consistent with voicemail and portal records already in the case file.

**Exhibit Description:**

Undelivered email generated by Plaintiff Audury Petie Davis and returned on March 19, 2025, during the loan rate lock phase.

**Strategic Purpose:**

To establish material lender neglect during rate lock and to strengthen the showing of procedural and ethical misconduct. This evidence ties into Exhibits F, O, and E.

Mail Delivery System
Undelivered Mail Returned to Sender
Mar 19, 2025 at 4:56:37 PM
mfmallah87@icloud.com

This is a system-generated message to inform you that your email could not be delivered to one or more recipients. Details of the email and the error are as follows:

<shawn.wainwright@nafinc.com>: host nafinc-com.mail.protection.outlook.com[52.101.11.13] said: 451 4.7.500 Server busy. Please try again later from [17.57.155.5]. (S77719) [SN1PEPF00036F43.namprd05.prod.outlook.com 2025-03-19T20:56:34.890Z 08DD64E0E92E60E4] (in reply to end of DATA command)

**Delivery report**

Return-Path: DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=icloud.com; s=1a1hai; bh=hDfQNOHRkYFqlcTfxsolL33qeSsAnpUI22o2hBmo8DM=; h=Content-Type:From:Mime-Version:Date:Subject:Message-Id:To:x-icloud-hme; b=QpJiF287DmEr0nYlqhL1q/a/cwGlpAMnGarrG2qQr66E4jrkWZDlESN6zfoZpEffF Aau7L+QD6Qo0uUOcnC0C0a5gw7lHr/ 18I85fhyk7fCG1LkXobCzx13X2SS0kwn9BF3 deSdPdbYMCume/ p38Zy2lsDUS2Gsi6Wh3hUN+d22NgVE7a5mYVvpYctETlhgz3Qofv as5sT2rpc92J45cm7eL8NMxq77kRegyH2ylVMqdelhNrnNscNc8TCH2MljjfidXloY KJwslncJ79fvZRl+7sLhSEDGW8q2/ xdFjbS1lCWNDqVF0bofVU39kAQJnKh8HJ8dOO H3C43bmlz+zcw== Received: from smtpclient.apple (qs51p00im-dlb-asmtp-mailmevip.me.com [17.57.155.28]) by qs51p00im-qukt01071502.me.com (Postfix) with ESMTPSA id 4941653C7262 for ; Wed, 19 Mar 2025 16:35:31 +0000 (UTC) Content-Type: multipart/alternative; boundary=Apple-Mail-F47A2D6C-1933-48E2-B543-58687840E48D Content-Transfer-Encoding: 7bit From: mfmallah87@icloud.com Mime-Version: 1.0 (1.0) Date: Wed, 19 Mar 2025 12:35:19 -0400 Subject: =?utf-8?Q? Fwd:_FINAL_NOTICE_BEFORE_LEGAL_ACTION_=E2=80=93_LAWSUI?= =?utf-8? Q?T_FILED_TOMORROW_?= Message-Id: References: <78F121A7-3C4C-4675-970A-C438868B3A01@icloud.com> To: Shawn

Wainwright X-Mailer: iPhone Mail (22D82) X-Proofpoint-GUID:
cteKkykTGOY5gs5Owyf1cYmXCQi5MZRu X-Proofpoint-ORIG-GUID:
cteKkykTGOY5gs5Owyf1cYmXCQi5MZRu X-Proofpoint-Virus-Version:
vendor=baseguard
engine=ICAP:2.0.293,Aquarius:18.0.1093,Hydra:6.0.680,FMLib:17.12.68.34
definitions=2025-03-19_06,2025-03-19_01,2024-11-22_01 X-Proofpoint-Spam-
Details: rule=notspam policy=default score=0 spamscore=0 phishscore=0
mlxlogscore=999 adultscore=0 suspectscore=0 clxscore=1015 malwarescore=0
bulkscore=0 mlxscore=0 classifier=spam adjust=0 reason=mlx scancount=1
engine=8.19.0-2411120000 definitions=main-2503190112

**EXHIBIT D2**

Bounce-Back of Good Faith Preservation Email

Dated: April 17, 2025

**Submitted by:**

Audury Petie Davis, Plaintiff

**Following Context:**

This communication was sent as part of an effort to document the loan file status and preserve litigation integrity. The email was returned undelivered, indicating Defendant's failure to maintain open channels of communication. It rebuts later claims that Plaintiffs were uncooperative or failed to preserve documents.

**Exhibit Description:**

Email bounce-back dated April 17, 2025, memorializing Plaintiff's effort to submit a preservation-of-record notice to Defendant's representative.

**Strategic Purpose:**

To confirm Plaintiff's litigation good faith and expose Defendant's post-hoc narrative as false. This exhibit works in tandem with Exhibits Y and E to establish a pattern of deflection and denial.

**Mail Delivery System**
**Undelivered Mail Returned to Sender**
Apr 17, 2025 at 6:06:32 AM
mfmallah87@icloud.com

This is a system-generated message to inform you that your email could not be delivered to one or more recipients. Details of the email and the error are as follows:

<sean.wainwright@nafinc.com>: host
  nafinc-com.mail.protection.outlook.com[52.101.8.46] said: 550 5.4.1
  Recipient address rejected: Access denied. For more information see
  https://aka.ms/EXOSmtpErrors
[MN1PEPF0000ECD5.namprd02.prod.outlook.com
  2025-04-17T10:06:24.770Z 08DD7D7D7FCE9303] (in reply to RCPT TO
command)

<consumercomplaints@hud.gov>: host
  hud-gov.mail.protection.outlook.com[52.101.8.52] said: 550 5.4.1 Recipient
  address rejected: Access denied. For more information see
  https://aka.ms/EXOSmtpErrors [DS4PEPF00000172.namprd09.prod.outlook.com
  2025-04-17T10:06:24.899Z 08DD7CB4E0B50F67] (in reply to RCPT TO
command)

<complaints@consumerfinance.gov>: host
  consumerfinance-gov.mail.protection.outlook.com[52.101.8.50] said: 550
  5.4.1 Recipient address rejected: Access denied. For more information see
  https://aka.ms/EXOSmtpErrors [DS4PEPF0000016F.namprd09.prod.outlook.com
  2025-04-17T10:06:25.165Z 08DD7CFE37663FE5] (in reply to RCPT TO
command)

**Delivery report**
1 KB

Return-Path: DKIM-Signature: v=1;
a=rsa-sha256; c=relaxed/relaxed; d=icloud.com; s=1a1hai;
bh=jpm7cRLMd7+aslMzsEmnmsLnBO6RP7XnH8cgiPdt55c=; h=Content-
Type:From:Mime-Version:Subject:Date:Message-Id:To:x-icloud-hme;

b=AkHU1BidxC1IniCg+jE+0Rzr2kLh3YC/sYG1DjD4yruk393igw62fxq7WoDgfEfxq
xuY1CPFLCFz/a5t3b3hf7hIysi+YnRhIBilBRjEjFamDkdwIrGm1Yb0CZB1kuw/LNe s+
+BHXlPaQmpGSBWJKoub8ZZBsf6jVcqmZqUUjDlYY9KLUIPO8vu3ZDRjYZVVfqvO
N 7J3J7HA3Bek+poFn5zEyfTAT1CeTK5l0mysjlxv1seAlxWMfQ4QJ+dtFvLjc81N3ax
AeJviB1w3ZpNf8RqcykHJQjOD9zn3Vgv5Wg6eaxZEAh7/
tPU72MaGe2BNGBrAQ+qDK LEXx95WMbzAmQ== Received: from
outbound.qs.icloud.com (localhost [127.0.0.1]) by outbound.qs.icloud.com
(Postfix) with ESMTPS id E0041180014E; Thu, 17 Apr 2025 10:06:23 +0000 (UTC)
Received: from smtpclient.apple (qs-asmtp-me-k8s.p00.prod.me.com
[17.57.155.37]) by outbound.qs.icloud.com (Postfix) with ESMTPSA id
899BF1800E26; Thu, 17 Apr 2025 10:06:23 +0000 (UTC) Content-Type:
multipart/alternative; boundary=Apple-Mail-0D030A33-
C86E-4C50-83F4-7C2FC8AEABD4 Content-Transfer-Encoding: 7bit From:
mfmallah87@icloud.com Mime-Version: 1.0 (1.0) Subject: =?utf-8?Q?
Formal_Preservation_of_Evidence_Notice_=E2=80=93_Pendi?= =?utf-8?Q?
ng_Federal_Litigation_=28Butler_v._New_American_Funding=29?= =?utf-8?Q?_?
= Date: Thu, 17 Apr 2025 06:06:12 -0400 Message-Id: Cc: legal@nafinc.com,
compliance@nafinc.com, sean.wainwright@nafinc.com, jason.miller@nafinc.com
To: Amy Dale X-Mailer: iPhone Mail (22D82)

# Exhibit E

*CFPB Response by Amy Dale – Misrepresentation of Communication*

This exhibit contains the official response issued by Amy Dale, Senior Vice President of Customer Service for New American Funding (NAF), to the Consumer Financial Protection Bureau (CFPB) in response to Complaint No. 250319-19425105.

In her April 7, 2025, statement, Ms. Dale falsely claims that the Plaintiff's authorized representative, Mr. Audury Petie Davis, was impersonating his mother and using multiple unidentified email addresses. This is demonstrably untrue and contradicted by prior emails between Ms. Dale and Mr. Davis, as well as formal authorization provided in Exhibit A.

The misrepresentation to a federal agency reflects an intentional attempt to discredit the Plaintiff's complaint and obstruct scrutiny into the mishandling of the loan process. It also supports Plaintiff's motion for discovery regarding internal communications and formal interrogatories of Amy Dale, to evaluate her actions and statements under oath.



(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 250319-19425105

CLOSED

## ✅ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 3/19/2025 | Mortgage | Applying for a mortgage or refinancing an existing mortgage |

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

### YOUR COMPLAINT

Here is the finalized and structured CFPB complaint in a professional and legal format:
———— Consumer Financial Protection Bureau (CFPB) Complaint Against New American Funding (NAF) Company Information New American Funding Corporate Office: 14511 Myford Road, Suite 100, Tustin, CA 92780 Customer Service: (800) 450-2010 Loan Officer: Shawn Wainwright Supervising Executive: Jason Miller, Branch Manager ———— Complaint Summary I applied for an FHA Cash-Out Refinance loan with New American Funding (NAF) for my property located at 1823 State Street Harrisburg, PA 17103. Throughout this process, I have fully complied with all lender requests and provided all required documentation. Despite this, NAF has engaged in deliberate delays, contradictory statements, and regulatory violations obstructing my ability to complete my refinance and causing financial harm. On March 12, 2025, at 8:37 AM, my loan officer, Shawn Wainwright, left a voicemail confirming that my employment verification was completed and that my file was moving forward. However, later that same day, NAF falsely claimed they had 'no update available' on my loan, directly contradicting Wainwright's voicemail. On March 12, 2025, I formally requested the immediate release of my FHA Case Number and Appraisal Transfer Code in accordance with HUD Mortgagee Letter 2009-40, which explicitly states that lenders must transfer the FHA case number upon borrower request. NAF unlawfully refused to comply. On March 13, 2025, I received a phone call from Shawn Wainwright, during which he admitted that he "dropped the ball" on my loan processing, apologized for the delays, and assured me that my mother's loan was moving forward. On March 14, 2025, I received an email from Wainwright stating that my file had been reassigned to the Processing Manager and that "upper management is aware" of my concerns. Despite this acknowledgment, no resolution was provided, and I continued receiving vague and contradictory responses. On March 18, 2025, Jason Miller, Branch Manager at NAF and Wainwright's supervisor, contacted me for the first time, claiming he was "just now hearing about this" and that he would assist with resolving the issue. This directly contradicts Wainwright's March 14 email, which stated that upper management was already aware. This further demonstrates New

American Funding's internal communication failures, delays, and neglect in handling my refinance. Additionally, NAF's customer service agent, Carlos, refused to provide contact information for their compliance department, obstructing my ability to escalate the issue to regulatory authorities. This pattern of misconduct has caused financial harm, unnecessary delays, and significant distress, as detailed in the following timeline ——— Timeline of Events January 31, 2025 • Loan disclosures were sent for review and e-sign. February 3, 2025 • Interest rate locked at 7.25%, with an expiration date of March 20, 2025. February 5, 2025 • Signed and acknowledged a changed circumstance document, confirming intent to proceed. February 18, 2025 • Appraisal was completed and uploaded to the loan portal. • No official repair requirements were documented, violating FHA loan processing rules. March 11, 2025 • Follow-up email sent requesting a loan status update • No response from NAF. March 12, 2025 (8:37 AM) • Loan officer Shawn Wainwright left a voicemail confirming that employment verification was completed and that my file was moving forward. March 12, 2025 (Later That Day) • NAF falsely claimed they had "no update available" on my loan, contradicting Wainwright's voicemail. March 12  2025 (Formal FHA Case Number Request) • Formally requested the immediate release of my FHA Case Number and Appraisal Transfer Code per HUD Mortgagee Letter 2009-40. • Request was unlawfully denied. March 13, 2025 • Received a phone call from Shawn Wainwright, where he admitted he "dropped the ball" on my loan processing, apologized, and assured me my mother's loan was moving forward. March 14, 2025 • Received an email from Wainwright stating that my file was reassigned to the Processing Manager and that upper management was aware of my concerns. • Despite this, no corrective action was taken, and my loan continued to face delays. March 18, 2025 • Jason Miller, Branch Manager at NAF and Wainwright's supervisor, contacted me for the first time, claiming he was "just now hearing about this." • This contradicts Wainwright's March 14 email, which stated that upper management was already aware. • This demonstrates further delays, internal miscommunication, and mismanagement by NAF. ——— Relief Sought 1. Monetary Compensation • Compensation for financial harm, emotional distress, and increased costs due to delayed loan processing. • Reimbursement for any financial damages, including lost time and opportunities caused by NAF's mishandling. 2. Fair Market Interest Rate & Immediate Closing • NAF must honor a new, fair market interest rate BELOW my previous locked-in rate of 7.25%, considering the delays were entirely their fault. • NAF must immediately approve and close my loan at the newly negotiated lower rate. 3. Formal Investigation & Compliance Review • CFPB should investigate NAF's failure to comply with HUD guidelines, their refusal to transfer my FHA Case Number, and the internal mismanagement that caused these delays. 4. Formal Written Response from NAF's Compliance Department • NAF must provide: • Underwriting notes • Internal communications • A documented explanation for the excessive delays and contradictory statements made by loan officers and executives. ——— Conclusion This complaint highlights severe negligence, non-compliance with HUD/FHA guidelines, and unethical business practices by New American Funding. Their failure to handle my refinance in a timely and compliant manner has caused unnecessary distress and financial uncertainty. I respectfully request immediate action to resolve these violations. ——— This document is ready to be submitted. If you need any final adjustments, let me know. Otherwise, copy and paste it into the CFPB complaint submission form.

**ATTACHMENTS**

| | | | |
|---|---|---|---|
| FHA_Application_of_Unused_Escrow_Funds.pdf (92.2 KB) | Lock-In_Agreement.pdf (102.7 KB) | IMG_2591.jpeg (1 MB) | Maryann Butler.zip (1.8 MB) |

D
2
W
2
(7

View full complaint ⊕

 Sent to company

**STATUS**

Sent to company on 3/19/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✅ Company still working

**STATUS**

Company response is in progress as of 4/3/2025

### The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

New American Funding is currently researching into this matter and need additional time to complete our review and provide our findings. Thank you in advance for your understanding. Respectfully, Customer Service Management

## ✅ Company responded

**STATUS**

Company responded on 4/7/2025

**RESPONSE TYPE**

Closed with explanation

### Company's Response

Consumer Financial Protection Bureau RE: Complaint No. 250319-9425105 / Maryann Butler To Whom It May Concern, New American Funding, LLC ("NAF") is responding to the complaint filed by Maryann Butler. In researching this matter our records indicate in February 2025, Ms. Butler contacted NAF regarding a cash-out refinance of her subject property located at 1823 State Street, Harrisburg, PA 17103. Loan Consultant, Mr. Wainwright, was assigned to assist with the loan inquiry. Mr. Wainwright had initially been communicating with Ms. Butler's son, Mr. Davis, who stated he was assisting his mom with the loan process. During some of their calls, Mr. Davis advised the loan consultant he would place a separate call to Ms. Butler, then join or add her on the call. They were seeking assistance to pay off and consolidate debt. Ms. Butler gave Mr. Wainwright her authorization to go through her son for communications for her refinance. During the initial phone conversation, information was obtained including income, assets, and employment information. Ms. Butler agreed to having her consumer credit report obtained. The loan program discussed was for an FHA 20-year fixed rate cash-out refinance of the subject property. Ms. Butler was also advised an appraisal of the subject property would be needed, and she would be required to make payment directly to the appraisal management company for the appraiser's services. Ms. Butler had also been advised once the appraisal service had been provided by a third-party licensed FHA appraiser, the fee would be non-refundable. Ms. Butler was conditionally pre-approved for a loan, however, this was not a guarantee that the loan would close or fund, as NAF would need to verify all the information Ms. Butler provided at the initial stage of the loan process. A written verification of employment ("WVOE") was also part of the loan process. Initially there was a Pin No. needed to verify employment. Mr. Wainwright spoke with Mr. Davis regarding the Pin No. needed. He eventually provided this information to verify employment. When NAF received the WVOE from Ms. Butler's

employer, it reflected she did not have a 24-month employment history. This was an FHA requirement to obtain the FHA financing. Mr. Wainwright informed Ms. Davis regarding the employment requirement and NAF needed her previous employer information. Mr. Davis then advised Ms. Butler wanted to start another job with another company doing the same type of work as the current employer. Mr. Wainwright advised Mr. Davis to have Ms. Butler hold off with the new job switch due to the loan transaction and wait until her loan closes. Ms. Butler agreed to wait until the transaction was completed to switch to a new employer. In the meantime, the job verification from Ms. Butler's previous employer took slightly longer than expected. The loan was suspended by Underwriting due to Debt-to-Income ("DTI") ratio and while waiting for the verification from the previous employer. We needed paystubs from Ms. Butler's prior employer and most recent 30 days of employment to be able to meet the 24-months FHA requirement. Prior to receiving the complaint with the BBB, Mr. Davis sent an email to NAF requesting a copy of the appraisal and FHA case number released. The Sales Manager, Mr. Miller, responded to his email, advising he would be happy to assist with the request and asked for the new Lender's contact information, however, Mr. Davis would not provide this information. On 3/31/2025, I sent an email to Ms. Butler to advise FHA requirement 24-months employment to be eligible for FHA financing, and explained NAF needed paystubs from her prior employer and most recent 30 days of employment to be able to meet the 24-months FHA requirement. Ms. Butler was further advised once received, NAF would restructure her loan and more forward to determine if her loan meets the requirement. I included a copy of the email that contained the home appraisal and advised it was initially sent to her on 2/18/2025. Ms. Butler was further advised that NAF was unable to provide her with a closing date, as we had not obtained full loan approval, since we were still waiting for her to provide the documents needed to proceed. Mr. Davis began responding to me from a different email address than what was on file. On 2/18/2025, a copy of the appraisal of the subject property had been sent by email to Mr. Davis, as he was sending and replying to emails using Ms. Butler's email address on file. The report was also completed "subject to" repair work needed of all chipped paint, which meant that the chipped paint needed to be corrected, and a subsequent follow up appraisal inspection would be required to confirm the work was completed. On Thursday, 4/3/2025, I sent an email to Ms. Butler and Mr. Davis, regarding the FHA Case Transfer request to a new lender that Ms. Butler wished to proceed with. There is information NAF will require to be able to transfer the FHA case number and appraisal. Without this information, we are unable to complete the transfer request. Once the information is provided, we can proceed with the transfer. We hope this has addressed all concerns related to this matter and we were unable to finalize Ms. Butler's home financing needs. Please let us know if we can be of further assistance. Respectfully, Amy Dale Amy Dale SVP, Customer Service

✓ Feedback provided

**STATUS**
Feedback provided on 4/7/2025

Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**
No

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**
No

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**
No

**ADDITIONAL COMMENTS**
The response is factually misleading and incomplete. No loan, including the Plaintiff's, proceeds to lock, appraisal, payoff, and disclosures without verified income. I have voicemail (Exhibit O1) confirming verification on March 12. They requested paystubs AFTER that date (Exhibit Z). Screenshots confirm I was blocked from email (Exhibit T). Loan docs list payoffs and reserves (Exhibit Y), which require verified underwriting. No Notice of Incompleteness was issued. I reject their response due to misrepresentation and negligent processing. Full rebuttal with exhibits is retained for legal and agency review.

## What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).
- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your feedback with the company.
- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

❌ Closed

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

- An official website of the United States Government

# EXHIBIT F

**Voicemail from Loan Officer Shawn Wainwright – March 12, 2025**

This exhibit contains a screenshot of a voicemail received from Loan Officer Shawn Wainwright on March 12, 2025, confirming receipt of the Plaintiff's second employment verification. This voicemail serves as critical evidence contradicting the Defendant's later claims that such verification was never received. The voicemail also demonstrates acknowledgment of processing delays on the Defendant's end and establishes a direct timeline tying communication failure to material delays and procedural obstructions.

The call was made at 8:33 AM and clearly references the second verification of employment as having arrived and been set up. The statement, 'I will call you now... your mother's second verification of employment just came in late last week that has been sent up,' is a direct admission contradicting claims submitted by the Defendant to federal regulators.



**12:28**

# Voicemail

| | | |
|---|---|---|
| 👤 | **+1 814-251-9528**<br>Huntington is trying to reach you… | **Mar 12**<br>00:38 |
| 👤 | **+1 410-237-6424**<br>Couldn't transcribe message | **Mar 12**<br>00:00 |
| 👤 | **+1 330-840-5618**<br>Mar 12, 2025 at 8:33 AM | |

This is Shawn Wayne right now. So I will call you now your mother's. second verification of employment just came in late last week that has been sent up. Give me a call back. I apologize. I'm sorry. I was actually out of the office last week. Call me back at 3:30.

▶ ⚫

00:00      00:40

| 🔊 Speaker | 📞 Call | 💬 Message | 🗑 Delete |
|---|---|---|---|

| | | |
|---|---|---|
| 👤 | **+1 814-251-9528**<br>At SCI Huntingdon, it will be recor… | **Mar 10**<br>00:40 |
| 👤 | **+1 717-723-1775**<br>Hi Pete, this is Stacy Lockhart fro… | **Mar 10**<br>00:18 |

| 🏠 Home | 👥 Plan | 📄 Billing | ❓ Support | 🎙94 Voicemail |
|---|---|---|---|---|



Shawn Wainwright

Verification for PIN for Teksystems

February 18, 2025 at 3:26:50 PM

Petie



**Shawn Wainwright**
Sr. Loan Officer | NMLS #9

9150 S Hills Blvd, Ste. 260 | Broadview Hts., Oh 44147
Toll Free                     x 10085     O              F
                              newamericanfunding.com

# EXHIBIT F2

Audio Recording – Voicemail from Sean Wainwright

Submitted via USB Drive

Description:

This audio exhibit is a voicemail left by Sean Wainwright, a former loan officer for New American Funding, during the FHA refinance process involving Plaintiff Audury Petie Davis and co-Plaintiff Maryann Butler. The recording directly supports claims of material misconduct, ghosting during the rate lock period, and intentional derailment of the refinance. It corroborates the timeline referenced in the Verified Complaint and multiple judicial notices.

Format:

The file is submitted in MP3 format, universally compatible with standard court systems and accessible on all modern computers without special software.

Playback Verification:

The audio file has been confirmed to be:

- Fully intact and audible
- Playable on Windows and Mac systems
- No password or encryption required

Exhibit Purpose:

This voicemail is cited as Exhibit F2 in both the district and appellate records. It substantiates the plaintiffs' claims of third-party harm, negligent underwriting, and unlawful borrower obstruction, and is central to the pending emergency review and potential interlocutory relief.

# Exhibit O

**Email to Loan Officer Containing Sensitive Loan Documents**

This exhibit is NEW to the record and was not included in the original complaint or prior filings. It demonstrates that sensitive loan documents, such as W-2s, bank statements, and credit reports, were transmitted directly to the loan officer, Sean Wainwright, via email and not through the official NAF loan portal. This supports Plaintiff's claim of spoliation risk, as these materials are not stored in the portal and are at risk of loss or manipulation if not preserved.

From: **Petie Davis** mfmallah87@icloud.com
Subject: Maryann Butler
Date: Jan 31, 2025 at 8:32:16 AM
To: shawn.wainwright@nafinc.com

Sent from my iPhone

Begin forwarded message:

**From:**
**Date:** January 31, 2025 at 8:19:00 AM EST
**To:** Petie Davis <Mfmallah87@icloud.com>
**Subject: FOR YOUR MOM**

pdf **DEBT-MARYANN BUTLER
.pdf**
1.9 MB

pdf **PAYSTUBS-MARYANN
BUTLER.pdf**
1.4 MB

pdf **BANK STATEMENTS-
MARYANN BUTLER.pdf**
658 KB

pdf **W2s-MARYANN BUTLER.pdf**
338 KB



FOLD HERE

U.S. POSTAGE
$12.54
RDC 99
07/26/25

CERTIFIED MAIL®

7021 2720 0000 5634 0601

USPS CERTIFIED MAIL®

RETURN RECEIPT

9507 1066 7916 5207 4819 23

GREENWOOD
PA 17104

RECEIVED
JUL 2 9 2025
U.S.C.A. 3rd. CIR.

United States Court of Appeals
For the 3rd Circuit
Clerk's Office
21400 United States Courthouse
601 Market St.
Philadelphia, PA 19106