

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE THIRD CIRCUIT**

---

MARYANN BUTLER,

Appellant,

v.

NEW AMERICAN FUNDING, et al.,

Appellees.

---

Docket No. 25-2365

---

# SUPPLEMENTAL NOTICE IN SUPPORT OF EMERGENCY MOTION FOR PRESERVATION ORDER UNDER FRAP 8(a)(2)

Appellant Maryann Butler respectfully submits this Supplemental Notice in support of her concurrently filed Emergency Motion seeking narrowly tailored relief pursuant to Federal Rule of Appellate Procedure 8(a)(2) and, where applicable, Federal Rule of Civil Procedure 62.1.

Appellant respectfully notifies the Court of the following:

1. **Procedural Lockdown Below:** The U.S. District Court for the Middle District of Pennsylvania is presently subject to dual stays (ECF Nos. 66 & 83), which prohibit any ruling on the pending Rule 62.1 indicative motion. As a result, no relief is available at the district court level, necessitating urgent action at the appellate stage.

2. **Uncontested, Time-Sensitive Evidence:** Exhibit DD8, introduced at ECF No. 90, remains unchallenged. No party has filed a motion to strike, suppress, or contest its authenticity, admissibility, or procedural propriety. This exhibit is a single, authenticated email containing:

    o   SHA-256 digital hash metadata,

- o Sender authentication, and

- o Delivery headers,

    all evidencing off-portal communications directly relevant to the claims raised on appeal.

3. Metadata Vulnerability: The digital data at issue is inherently vulnerable to modification, deletion, or system auto-purge over time. Delay in preservation may result in irreparable loss, undermining the integrity of appellate review and procedural fairness.

4. Narrow Scope of Requested Relief: The relief sought is extremely limited in scope Appellant asks only that the Court preserve one digital exhibit already present in the record. No additional discovery, briefing, or burdensome judicial action is required.

## CONCLUSION

Appellant respectfully submits this Supplemental Notice to reinforce the urgency and necessity of limited preservation relief in the interest of judicial economy, fairness, and appellate integrity.

Respectfully submitted,

Maryann Butler

1823 State Street

Harrisburg, PA 17103

Dated: September 5, 2025

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT


MARYANN BUTLER,

    Appellant,


v.

NEW AMERICAN FUNDING, LLC,

    Appellee.


ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Case No. 1:23-CV-00690-KMN/ 25-2365


EMERGENCY MOTION FOR PRESERVATION ORDER

PENDING APPEAL UNDER FRAP 8(a)(2) AND RULE 62.1

**Section 1 Introduction**

Appellant Maryann Butler respectfully moves this Court for an emergency preservation order under Federal Rule of Appellate Procedure 8(a)(2) and, where applicable, Federal Rule of Civil Procedure 62.1. This motion seeks to ensure the continued integrity and accessibility of a single digital exhibit Exhibit DD8 that lies at the center of a contested evidentiary dispute arising in the District Court for the Middle District of Pennsylvania.

Exhibit DD8 consists of a verified and time-stamped email transmission containing sensitive borrower documentation, technical metadata, and SHA-256 hash values showing off-portal communications by Appellee New American Funding, LLC ("NAF"), in alleged contravention of federal lending disclosure protocols. Though this evidence was introduced in the lower court prior to the stay, it remains unruled upon, uncontested, and procedurally suspended due to the district court's successive stays.

Appellant now seeks narrow, non-merits-reaching relief to preserve this one uncontested, material digital exhibit while the appeal is pending. The relief sought imposes no burden on the Appellee and is necessary to prevent evidentiary loss, distortion, or procedural prejudice as the case progresses.

## Section 2: Jurisdictional Statement

This Court has jurisdiction under 28 U.S.C. § 1291, which provides appellate jurisdiction over final decisions of the district courts. Appellant filed a timely notice of appeal from the Middle District of Pennsylvania, and the appeal has been docketed with the United States Court of Appeals for the Third Circuit.

Following that filing, the district court imposed two stays first at ECF No. 66, and later at ECF No. 83 which remain in effect as of this motion. These stays have foreclosed the district court's ability to rule on Appellant's post-appeal request to preserve a key exhibit (Exhibit DD8) under Federal Rule of Civil Procedure 62.1.

Accordingly, jurisdiction to consider this narrowly tailored preservation request now rests with this Court pursuant to Federal Rule of Appellate Procedure 8(a)(2). Appellant respectfully invokes this rule to ensure the evidentiary integrity of the appellate record.

## Section 3: Factual and Procedural Background

This appeal arises from proceedings in the United States District Court for the Middle District of

Pennsylvania, where Appellant Maryann Butler pursued pro se claims under the Equal Credit Opportunity Act (ECOA) and related lending regulations against New American Funding, LLC (NAF). The litigation history is procedurally complex, involving multiple pro se filings, shifting party roles, and two separate stays of proceedings that interrupted adjudication on key evidentiary issues.

On July 11, 2025, the District Court issued a docket-wide striking order at ECF No. 37, removing a wide range of pending pro se filings then on the docket. Following this, Appellees moved to strike additional filings at ECF No. 61, but the court took no action on that motion. Instead, it imposed a first stay of proceedings at ECF No. 66. After a brief jurisdictional exchange and reassignment to a new judge, a second stay was entered at ECF No. 83, which remains operative at the time of this filing.

Between the two stays, and after Petie Davis formally withdrew from the case, Appellant filed a motion under Federal Rule of Civil Procedure 62.1, seeking an indicative ruling on the preservation of specific evidentiary material. That motion was submitted at ECF No. 90, under Maryann Butler's name alone, and included Exhibit DD8, a refined and authenticated evidentiary email chain that had previously appeared in the record in earlier form (Exhibit O). Exhibit DD8 enhanced the original content with embedded SHA-256 hash values, header metadata, and digital transmission logs.

Critically, no motion to strike, suppress, or challenge Exhibit DD8 has ever been filed either before or after the imposition of the second stay. While Appellees did previously move to strike earlier versions of similar material (including Exhibit O), and while an opposition was filed in response to that motion at ECF No. 91, no party has contested the admissibility, authenticity, or procedural propriety of Exhibit DD8 itself. The District Court has not ruled on the Rule 62.1 motion or on DD8's status, due to the case being stayed before any action could be taken.

At present, Exhibit DD8 remains unchallenged but unprotected, caught in procedural suspension. Because the District Court has been foreclosed from acting under Rule 62.1, and Appellees have elected not to contest the evidence, Appellant respectfully seeks preservation under FRAP 8(a)(2) to ensure the integrity of a singular, critical exhibit during the pendency of this appeal.

## Section 4: Legal Standard

3

Under Federal Rule of Appellate Procedure 8(a)(2), a party may move the Court of Appeals for relief that the district court is unable to grant due to a loss of jurisdiction during the pendency of an appeal. In such cases, Federal Rule of Civil Procedure 62.1 provides that the district court may issue an indicative ruling i.e., a statement that it would grant the motion if jurisdiction were restored. This mechanism exists to ensure the integrity of the appellate record and prevent procedural harm during appellate review.

To obtain narrowly tailored preservation relief, an appellant must demonstrate that:

1. The underlying evidence is material and non-frivolous;
2. The district court is foreclosed from ruling due to jurisdictional posture; and 3. The appellant would suffer irreparable harm if the evidence is not preserved.

   See Nat'l Nutritional Foods Ass'n v. FDA, 491 F.2d 1141, 1145 (2d Cir. 1974); see also United States v. Cronic, 466 U.S. 648, 658 (1984) (holding that courts must preserve fundamental procedural protections when the fairness of proceedings is at risk).

Additionally, the Third Circuit has recognized the utility of Rule 62.1 in complex or procedurally stayed proceedings.

See In re Nat'l Football League Players Concussion Injury Litig., 821 F.3d 410, 418 n.9 (3d Cir. 2016).
Where the district court is unable to rule due to an operative stay or an appeal divesting jurisdiction, this Court may act to preserve key portions of the record that would otherwise risk degradation or procedural inaccessibility.

In Appellant's case, the district court imposed two separate stays first at ECF No. 66, and again at ECF No. 83 and never ruled on Appellant's Rule 62.1 motion for preservation. Exhibit DD-8, the sole subject of this emergency motion, was already filed with the district court (ECF No. 90) prior to the operative stay and has not been the subject of any motion to strike, authenticity challenge, or procedural objection. In these circumstances, a limited preservation order from this Court would ensure evidentiary integrity while respecting jurisdictional boundaries.

**SECTION 5: Necessity and Scope of Preservation Relief**

4

Appellant seeks narrow preservation relief under Federal Rule of Appellate Procedure 8(a)(2)(C) and Federal Rule of Civil Procedure 62.1, limited exclusively to Exhibit DD-8, which was submitted to the district court at ECF No. 90 under Appellant Maryann Butler's name following the withdrawal of Petie Davis. Exhibit DD-8 is a digitally authenticated email transmission containing SHA-256 hash values, email header metadata, and internal routing identifiers, and was filed solely to preserve a narrowly defined evidentiary item central to the pending appeal.

Critically, Exhibit DD-8 has never been subject to a motion to strike, objection, or authentication challenge by Appellees. While Appellees previously moved to strike an earlier version of this email (Exhibit O), no comparable action has ever been taken against DD-8, despite its filing following substantial procedural developments. The record shows that after ECF 66 and again at ECF 83, the district court imposed stays which foreclosed adjudication on Exhibit DD-8 and the corresponding Rule 62.1 motion for indicative relief (ECF 92).

Even after DD-8's introduction into the docket, Appellees elected to remain silent, choosing not to raise any procedural, evidentiary, or jurisdictional objection. This uncontested posture despite procedural opportunity further underscores the appropriateness of granting preservation at this time.

Importantly, this request does not seek a ruling on admissibility, relevance, or the merits of the underlying claims. It is strictly limited to preserving a single, self-contained piece of digital evidence that is facially relevant, unchallenged, and at risk of exclusion due to the ongoing procedural suspension. If not preserved, there exists a material risk that Appellant's ability to secure a fair and complete appellate review will be compromised by irreparable evidentiary loss.

This motion squarely aligns with the spirit and letter of Rule 62.1 and FRAP 8: to safeguard appellate integrity when the district court is procedurally foreclosed from acting.

## Section 6: Public Interest Favors Preservation

Preservation of Exhibit DD8 is not only necessary to protect Appellant's procedural rights but also squarely aligned with the public interest in safeguarding the integrity of judicial proceedings, transparency in consumer lending practices, and accountability in the handling of sensitive financial data.

The public has a compelling interest in ensuring that federally regulated mortgage lenders and their counsel do not obscure or mishandle borrower-submitted evidence particularly when such

evidence implicates compliance with the Equal Credit Opportunity Act (ECOA) and Regulation B. Exhibit DD8 reflects a material instance of off-portal transmission of sensitive documentation, captured with authenticated SHA-256 hash values and embedded metadata, which directly contradicts key assertions made by Appellees in the lower court. Preservation of this digital record is essential to ensuring that these compliance questions are not lost to procedural ambiguity.

Further, the interest of judicial economy and appellate integrity supports the narrow relief sought here. Preservation ensures the appellate court has access to a complete and untainted record for review. Denial of preservation would risk irreparable harm by potentially excluding facially relevant evidence from appellate consideration despite the fact that the exhibit is already on the district court docket, has never been challenged, and requires no new discovery.

No prejudice would result to Appellees. The exhibit has already been filed (ECF No. 90), is selfcontained, and imposes no burden to preserve. In contrast, the potential prejudice to Appellant and to the broader public interest in fair adjudication would be significant if the record were allowed to remain frozen without clarification or retention of this central piece of evidence.

Accordingly, preservation of Exhibit DD8 under FRAP 8(a)(2) and Rule 62.1 is not only appropriate, but affirmatively required in service of the public interest and the appellate court's truth-seeking function.

**Section 7: Preservation is Procedurally and Substantively Justified**

Appellant's request for preservation is firmly grounded in procedural necessity and does not tread into the merits of the appeal. The core evidentiary item Exhibit DD8 was submitted at ECF No. 90 after the district court imposed its second stay (ECF No. 83), and was accompanied by a formal Rule 62.1 motion requesting indicative relief. The Court did not rule on that motion.

Following that submission, Appellant filed ECF No. 91 to clarify and nudge the district court regarding its pending authority under Rule 62.1. Despite this follow-up, no ruling was issued, and the record remains stayed.

Crucially, Appellees have not moved to strike, suppress, or otherwise challenge Exhibit DD8. The filing remains uncontested on the docket. It is a self-contained evidentiary email chain with metadata and SHA-256 hash verification material on its face and directly relevant to claims of off-portal communication misconduct.

This is not a discovery request. Appellant seeks no new factual inquiry or evidentiary expansion. The request is limited to the preservation of a document already filed in the record and served on all parties. There is no prejudice to Appellees. In contrast, denying preservation risks irreparable

harm by allowing an authenticated and critical item to become procedurally inaccessible during appellate review.

Accordingly, the procedural history, evidentiary posture, and lack of opposition all weigh in favor of this Court issuing a narrow preservation order under Rule 62.1 and FRAP 8(a)(2).

### SECTION 8: Conclusion and Request for Relief

For the reasons set forth above, Appellant Maryann Butler respectfully requests that this Court enter a narrowly tailored preservation order under Federal Rule of Appellate Procedure 8(a)(2) and, where appropriate, Federal Rule of Civil Procedure 62.1, to ensure that the evidentiary record necessary for appellate review remains intact, verifiable, and unaltered.

Specifically, Appellant seeks preservation of Exhibit DD8, submitted to the District Court at ECF No. 90. This is not a speculative or voluminous request. DD8 consists of a single authenticated email containing SHA-256 digital hash metadata, sender authentication, and delivery headers establishing chain-of-custody and evidencing off-portal communications relevant to loan documentation and procedural fairness. The exhibit raises facial implications under Regulation B and directly supports claims raised on appeal.

Although earlier exhibits were subject to a docket-wide striking order, Exhibit DD8 was introduced after that order and after Petie Davis withdrew, leaving Ms. Butler as the sole pro se party. No motion has been filed to strike or challenge DD8, and the District Court has issued no ruling regarding its admissibility or preservation.

Two separate stays (ECF Nos. 66 and 83) continue to bar district court action, and the pending Rule 62.1 indicative motion remains unresolved. Under these conditions, Appellant turns to this Court for limited, appellate-focused relief.

Time is of the essence. Given the nature of digital metadata and risks of degradation or deletion, a prompt preservation order is the only viable means of safeguarding the integrity of this exhibit before it becomes irretrievable.

Accordingly, Appellant respectfully requests that this Court:

1. Issue an order preserving Exhibit DD8, as filed at ECF No. 90 in the District Court;

2. Direct Appellees to show cause why the preservation of this digital exhibit should not be granted; and

3. Grant such other and further relief as the court deems just and proper in the interests of fairness, judicial economy, and appellate integrity.

This request is limited in scope, non-burdensome, and fully consistent with both the letter and spirit of FRAP 8(a)(2). It seeks only to preserve a singular, self-contained evidentiary item that remains unchallenged, verifiable, and already part of the record. Denial of preservation at this stage would risk compromising this Court's ability to engage in a full and fair review of procedural and evidentiary questions at the heart of this appeal.

Respectfully submitted,

Maryann Butler

1823 State Street

Harrisburg, PA 17103

Dated: September 4, 2025

## Certificate Of Service

I hereby certify that on September 4, 2025, I caused the foregoing Emergency Motion for Preservation Order Pending Appeal under FRAP 8(a)(2) and Rule 62.1 to be filed with the United States Court of Appeals for the Third Circuit via Priority Express Mail.

I further certify that service will be effectuated upon counsel of record for Appellees Fox Rothschild LLP, on behalf of New American Funding, LLC through the Court's CM/ECF system, as counsel are registered ECF users and will receive electronic notice of this filing upon docketing.

Respectfully submitted,

Maryann Butler

1823 State Street

Harrisburg, PA 17103

Dated: September 4, 2025



**PRIORITY MAIL EXPRESS®**

HARRISBURG, PA 17106
SEP 04, 2025
19106
RDC 07
$31.40
S2324Y500849-33

EMERGENCY ENCLOSURE - CLERK PRIORITY
FRAP 8 (e)(2) PRESERVATION MOTION
TIME SENSITIVE

EI 446 565 798 US

RECEIVED SEP -5 2025 U.S.C.A. 3rd. CIR

**FROM:** (PLEASE PRINT)
MARYANN BUTLER (PRO SE)
1823 STATE ST
HARRISBURG, PA 17103

**DELIVERY OPTIONS (Customer Use Only)**
☑ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

**TO:** (PLEASE PRINT)
CLERK OF COURT
US COURT OF APPEALS FOR 3RD CIRCUIT
601 MARKET ST, STE 21400
PHILADELPHIA, PA 19106-1790

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

← **PEEL FROM THIS CORNER**

EP13F October 2023
OD: 12 1/2 x 9 1/2

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 17107
Scheduled Delivery Date: 9/5/25
Postage: $31.40
Date Accepted: 9/4/25
Time Accepted: 1:24 PM
Total Postage & Fees: $31.40
Acceptance Employee Initials: KL

TIME SENSITIVE