**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

Docket No. 25-2365
Maryann Butler,
   Appellant,
v.
New American Funding, et al.,
   Appellees.



## JUDICIAL NOTICE IN SUPPORT OF FRAP 8 MOTION TO PRESERVE EXHIBIT DD8

DATE: September 10, 2025

Appellant Maryann Butler respectfully submits this Judicial Notice in support of her pending FRAP 8(a)(2)(A)(ii) Motion to Preserve Evidence, filed and docketed as ECF No. 16, specifically regarding Exhibit DD8, which is already part of the District Court record as ECF No. 90.

This Notice is limited in scope and seeks no merits adjudication, no discovery, and no reconsideration. It is a narrow and time-sensitive request to preserve digital documentary evidence, namely Exhibit DD8, which contains a full evidentiary packet originally transmitted to the loan officer on January 31, 2024, and later referenced in multiple parts of the District Court proceedings.

### I. POSTURE SUPPORTING APPELLATE JURISDICTION

The record reflects that the District Court proceedings are currently stayed, pursuant to ECF Nos. 66 and 83, making it impractical or impossible for Appellant to seek relief from the lower court under FRAP 8(a)(1). Accordingly, Appellant seeks narrowly tailored preservation relief from this Court under FRAP 8(a)(2)(A)(ii).

### II. MATERIALITY OF DD8 TO APPELLATE RECORD

The evidentiary file contained in Exhibit DD8 includes highly sensitive loan documentation tied to the underlying claims, and has already been authenticated and placed into the record below without objection. DD8 is critical to resolving key issues involving:

- Appellees' internal process handling of FHA loan documentation
- Whether or not a complete loan application existed at the time of the alleged withdrawal
- Conflicts between Appellees' representations and their own internal metadata

### III. METADATA AT RISK

The documents associated with DD8 include digital SHA/hash metadata, timestamps, and transmission logs that are not visible in PDF format but are integral to proving the authenticity and chain of custody of the transmission. This metadata directly links to whether Appellees (1) received complete documentation and (2) preserved it in accordance with federal lending requirements.

This Court has the discretion to protect against spoliation of material evidence pending appeal, particularly where the evidence exists in digital-only formats and the lower court is unable to act.

> Numerous circuits recognize that appellate courts may act to prevent spoliation of evidence material to the record, especially where digital-only data may be lost without early intervention.

### IV. UNCONTESTED AND REFERENCED IN RECORD

It is also relevant to note that Exhibit DD8 was previously entered in the District Court docket as (ECF No. 90) and not contested by Appellees. The associated email bounce-back ("550 Access Denied") related to the preservation request was entered as (ECF No. 86), confirming the metadata transmission failure, which supports a potential future claim of digital spoliation.

### V. JUDICIAL ECONOMY & LIMITED REQUEST

Granting this preservation request avoids the unnecessary complication of litigating metadata spoliation later in the appeal process. This is a narrowly crafted motion seeking no relief beyond preservation and is necessary to ensure the appellate record remains intact.

Respectfully submitted,

/s/ Maryann Butler
1823 State Street
Harrisburg, PA

Dated: September 10, 2025

### CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, a true and correct copy of the foregoing Second Judicial Notice in Support of Emergency Motion under FRAP 8 was filed with the Clerk of the Court using the CM/ECF system.

I am relying on the Court's Electronic Filing System (PACER/CM/ECF) to effect service upon all parties who are registered to receive electronic notifications in this matter, including counsel of record for the Appellees:

- Ronald Williams, Esq. – Counsel for New American Funding

- Fox Rothschild LLP – Counsel of record for related defendants

Because all counsel have appeared and are registered for electronic filing in this case, no additional service via mail or personal delivery is required under Fed. R. App. P. 25(c) and 3d Cir. L.A.R. 113.4.

Respectfully submitted,

/s/ Maryann Butler

Plaintiff

Email: ms.mare26@gmail.com

Dated: September 10, 2025



RE: MARYANN BUTLER
CASE NO: 25-2365